UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY HOFFMAN, <br> PATTI PATE-SCHNURE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-CV-3806-B |
| AMERICAHOMEKEY, INC., *et al.*, | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION & ORDER

Before the Court is Defendant Lynn Eaton's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (doc. 46), filed on October 11, 2012. For the reasons discussed below, the Court **DENIES** the Motion.

I.

BACKGROUND

In this action, Plaintiffs Kimberly Hoffman and Patti Pate-Schnure have sued their employer, Defendant AmericaHomeKey, Inc. ("AHK"), and AHK's senior management, Defendants Lane Terrell, Steven Chiou, Ida Alcazar, Katherine Shadle, Frank Caughron, and Lynn Eaton. Doc. 1, Compl. Plaintiffs both served as Senior Vice Presidents for AHK's southeastern branch offices. Plaintiffs filed a Complaint in the State Court of Cobb County in Georgia, alleging that Defendants misrepresented the terms of Plaintiffs' employment contracts, refused to provide Plaintiffs with information related to AHK's worsening financial situation and a state investigation, withheld

Plaintiffs' bonuses in violation of their employment contracts, terminated Plaintiffs without paying them their bonuses once AHK closed Plaintiffs' office branch, and refused to arbitrate this dispute in violation of their contracts. *Id.* Plaintiffs filed causes of action for breach of contract, unjust enrichment, conversion, fraud, and negligent misrepresentation. *Id.* Subsequently, Defendant Alcazar, with the consent of all Defendants, removed the case to the United States District Court for the Northern District of Georgia. Doc. 1, Notice of Removal. Following Defendant AHK's Motion to Transfer Venue, the case was transferred to this Court in the Northern District of Texas. Doc. 41, Order. Upon transfer, Defendant Eaton filed a Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).[1] Doc. 46, Mot. Plaintiffs responded to the Motion, and Eaton did not file a Reply within the deadline, so the Motion is now ripe for review.

## II.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action where the Court lacks personal jurisdiction over the defendant. On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that a nonresident defendant is subject to the Court's jurisdiction. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999); *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). "[U]ncontroverted allegations

---

[1] Defendant Eaton's Motion to Dismiss suggests that the Court does not have personal jurisdiction over her and therefore must dismiss her from the action. Plaintiffs explain in response, however, that should this Court find that it does not have jurisdiction over Eaton, the Court may not dismiss her from this action but instead must return the case to the originating forum, the Northern District of Georgia. *See Ill. Union Ins. Co. v. Tri Core, Inc.*, 191 F. Supp. 2d 794 (N.D. Tex. 2002). The Court need not address the issue, because Plaintiffs' Complaint and supporting Declarations demonstrate that Defendant Eaton, a non-resident of Texas, has established sufficient minimum contacts with Texas to establish personal jurisdiction in this forum.

in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985); *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (same); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) ("The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.").

In establishing personal jurisdiction, two preconditions must be met: (1) the nonresident defendant must be amenable to service of process under the Texas long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the United States Constitution. *Jones*, 954 F.2d at 1067. Because the Texas long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Id.* at 1067-68 (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). To meet the due process test, two elements must be satisfied: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being brought to court there; and (2) the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Id.* at 1068.

The "minimum contacts" test can be met by contacts giving rise to either general or specific jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial."

*Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction exists "only when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle*, 85 F.3d at 205.

Once the minimum contacts test is satisfied by the plaintiff, the burden is shifted to the defendant to demonstrate that the forum court's exercise of jurisdiction over the defendant would be unfair. *Nuovo Pignone, SPA, v. Storman Asia M/V*, 310 F.3d 374, 382 (5th Cir. 2002). "In conducting the fairness inquiry, [courts] examine (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

## III.

## ANALYSIS

*A.     Minimum Contacts*

Plaintiffs support their claim that Defendant Eaton has "minimum contacts" with Texas through specific jurisdiction only, alleging that Eaton's fraud occurred in Texas. Doc. 56, Resp. at 8. Where the plaintiff alleges that a defendant committed an intentional tort in the forum state, such allegations are sufficient to prove the defendant's personal jurisdiction in the forum state. *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001). Even though Eaton may not have continuous and systematic contacts with Texas, the allegation that she committed a tort in Texas subjects her to specific jurisdiction. *See Fresne*, 252 F.3d at 358-59; *Rossi v. Wohl*, 246 F. App'x 856, 858 (5th Cir. 2007). A single contact with the forum state giving rise to specific jurisdiction is sufficient to satisfy

the constitutional requirement that the defendant have "minimum contacts" with that state such that the defendant would reasonably anticipate litigation there. *Fresne*, 252 F.3d at 358-59; *Rossi*, 246 F. App'x at 859. The Court thus turns to the Complaint and supporting evidence to determine whether Plaintiffs have adequately alleged that Eaton committed fraud in Texas.

The fraud count of the Complaint alleges that all Defendants, generally, made misrepresentations that Plaintiffs would receive certain Monthly Profitability Bonuses and could choose to reserve those bonuses, doc. 1, Compl. ¶¶ 73-74; that Defendants misrepresented that if Plaintiffs' employment was terminated, AHK would pay out the bonuses that were reserved, *id.* ¶ 75; that Defendants willfully misled Plaintiffs about the bonuses to induce them to enter into the employment contracts, *id.* ¶ 77; and, finally, that Defendants willfully misled Plaintiffs regarding AHK's financial situation and the Texas Office of Inspector General investigation to induce Plaintiffs to continue working for AHK. *Id.* ¶¶ 80-81. Plaintiffs further support their burden of proving specific jurisdiction over Defendant Eaton, individually, by submitting personal Declarations. Doc. 56, Resp. at 3-4, 8. Hoffman avers that Eaton attended a managers meeting in Texas in 2010, where Eaton personally assured Hoffman that AHK would pay all bonuses in reserve. Doc. 56-1, Hoffman Decl. ¶ 9. Hoffman states that Eaton knew that AHK would not pay its employees bonuses but made the representation to induce Hoffman to continue working and not demand immediate payment of the bonuses while AHK was in financial trouble. *Id.* ¶ 10. Pate-Schnure's Declaration is similar to Hoffman's, stating that Pate-Schnure heard Hoffman express concerns about bonuses to Eaton and that Eaton personally assured Pate-Schnure that AHK would pay the bonuses, despite knowing that the statement was untrue, in order to induce Plaintiffs' continued employment and complacency. Doc. 56-2, Pate-Schnure Decl. ¶¶ 9-11. Pate-Schnure agrees that the alleged fraud took place in

Texas in 2010 at an AHK meeting, which Eaton attended. *Id.* ¶ 8. Plaintiffs thus argue that this Court has personal jurisdiction over Eaton because Eaton committed the intentional tort of fraud, the fourth cause of action listed in the Complaint, while physically located in the state of Texas.

In contrast, Defendant Eaton contends that the Court lacks jurisdiction over her because she "has virtually no contact whosoever with Texas and had no business involvement with the Plaintiffs." Doc. 47, Br. at 2-3, 6. She submits her own Declaration stating that she has not had any interactions with AHK branch managers and had no authority related to the payment of bonuses to branch managers. Doc. 48, App. ¶ 2 (Eaton Decl.). Eaton further states that she never met Plaintiffs, never interacted with them in any state including Texas, never made any representations about the terms of their contract or bonuses, and never made assurances that AHK would pay Plaintiffs their bonuses. *Id.* ¶¶ 9, 12, 14.

The Declarations of Hoffman, Pate-Schnure, and Eaton raise serious disputes of fact regarding Eaton's interactions with Plaintiffs, statements, and even travel to Texas. Nonetheless, the Court takes as true the allegations in Plaintiffs' Complaint and resolves all factual discrepancies from the Declarations in Plaintiffs' favor. *See D.J. Invs..*, 754 F.2d at 546. For the purposes of determining personal jurisdiction, the Court accepts as true Plaintiffs' statements that Eaton went to Texas in 2010 and intentionally made representations there to Plaintiffs that the bonuses would be paid despite knowing that such representations were false. Plaintiffs have alleged a *prima facie* case that Eaton committed fraud in Texas, so Eaton is subject to specific jurisdiction in Texas. Plaintiffs have established Eaton's minimum contacts with the forum state.

B.   *Fair Play and Substantial Justice*

Plaintiffs also persuasively argue that subjecting Eaton to jurisdiction in Texas will not offend

traditional notions of fair play and substantial justice, because Eaton lives in California and will be required to travel regardless of whether the action is held in Texas or Georgia. Doc. 56, Resp. at 8-9. All other factors, such as the interest of Plaintiffs, Texas, the interstate judicial system, and the states similarly weigh in favor of retaining jurisdiction over Eaton. "If a cause of action for fraud committed against a resident of the forum is directly related to the tortious activities that give rise to personal jurisdiction, an exercise of jurisdiction likely comports with the due process clause, given the obvious interests of the plaintiff and the forum state." *Wien Air Alaska*, 195 F.3d at 215 (discussing the "fair play" prong of the due process test); *Rossi*, 246 F. App'x at 859 (explaining that a defendant can rarely make a compelling showing for unfairness once minimum contacts have been established in the forum state). As Eaton did not submit a Reply to Plaintiffs' Response, Eaton has not challenged Plaintiffs' arguments related to fairness and justice nor raised any arguments of her own.

Accordingly, the Court concludes that Plaintiffs have proven all state and federal constitutional prerequisites for personal jurisdiction over Defendant Eaton.

IV.

CONCLUSION

For the above-stated reasons, the Court **DENIES** Defendant Eaton's Motion to Dismiss for Lack of Jurisdiction (doc. 46).

SO ORDERED.

SIGNED: December 4, 2012.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE